IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-HC-2293-FL

| ANTHONY WAYNE MANGUM, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| S. HOLLEMBAEK, CHARLES E. | ) | |
| SAMUELS, and the UNITED STATES | ) | |
| OF AMERICA, | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner, a federal prisoner, filed this petition for a writ of habeas corpus pro se pursuant to 28 U.S.C. § 2241. The matter is before the court on respondents' motion to dismiss (DE 8). The motion was fully briefed, and thus the issues raised are ripe for adjudication. For the foregoing reasons, the motion is denied as moot, and the petition is dismissed for lack of subject matter jurisdiction.

**BACKGROUND**

On November 8, 2006, petitioner pleaded guilty in the United States District Court for the Middle District of North Carolina to conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). See United States v. Mangum, No. 1:06-CR-00058-NCT-1 (DE 22) (M.D.N.C. Nov. 8, 2006). On June 8, 2007, petitioner was sentenced as a career offender under the United States Sentencing Guidelines to a term of 262 months imprisonment. Id. (DE 28). Petitioner pursued a direct appeal, but his conviction and sentence were affirmed. Id. (DE 40). On October 19, 2009, petitioner filed his first motion to vacate, set aside or correct his sentence, pursuant to 28

U.S.C. § 2255, which the sentencing court subsequently denied. Id. (DE 52, 74). Petitioner filed his second § 2255 motion on October 31, 2013, which was also denied. Id. (DE 98, 109).

On November 30, 2016, petitioner filed the instant pro se petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, alleging his career offender sentencing enhancement is unconstitutional under Johnson v. United States, 135 S. Ct. 2551 (2015) and that the sentencing court erroneously used certain past convictions as predicate felonies to apply the enhancement. See United States v. Simmons, 649 F.3d 237 (2011) (en banc). Petitioner also alleged a claim of ineffective assistance of counsel.

On October 31, 2017, the court conducted a frivolity review of the petition, and dismissed petitioner's ineffective assistance of counsel claim, but allowed petitioner's sentencing claim to proceed.

**COURT'S DISCUSSION**

A.  Petitioner's Claims

As noted, petitioner's first claim is that his career offender enhancement is unconstitutional. In Johnson, the United States Supreme Court held the "residual clause" of the Armed Career Criminal Act is unconstitutionally vague. Johnson, 135 S. Ct. at 2557. Thereafter, the Court held Johnson is retroactively applicable to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016). Petitioner appears to argue that his career offender enhancement is unconstitutional because the career offender provision in the United States Sentencing Guidelines contains a phrase identical to the ACCA's residual clause. (See Pet. (DE 1) at 13); U.S.S.G. 4B1.1(a); see also Beckles v. United States, 137 S. Ct. 886, 890, 894-95 (2017) (rejecting similar argument as to post-Booker guidelines sentences).

2

Petitioner also asserts a claim pursuant to Simmons, in which the Fourth Circuit held that "in deciding whether to enhance federal sentences based on prior [state] convictions, we look not to the maximum sentence that [the state court] could have imposed for a hypothetical defendant who was guilty of an aggravated offense or had a prior criminal record, but rather to the maximum sentence that could have been imposed on a person with the defendant's actual level of aggravation and criminal history." United States v. Powell, 691 F.3d 554, 556 (4th Cir. 2012); see also Simmons, 649 F.3d at 241. The career offender enhancement requires, among other things, that predicate convictions used to apply the enhancement be "punishable by imprisonment for a term exceeding one year." U.S.S.G. § 4B1.1(a). Petitioner argues that under Simmons his prior convictions do not qualify as predicate felonies for the career offender enhancement because he could not have received more than one-year imprisonment for those convictions. (Pet. (DE 1) at 16). In a related argument, petitioner alleges the career offender enhancement was erroneous because two of his prior bank robbery convictions were consolidated for judgment and sentencing, and thus they should not have been treated as separate predicate convictions. (Pet. (DE 1) at 9).

B.     Analysis

As a threshold matter, the court must determine whether it has subject matter jurisdiction to consider the merits of the petition. See United States v. Wheeler, 886 F.3d 415, 423 (4th Cir. 2018) ("A party is not permitted to waive subject matter jurisdiction.").

Although petitioner filed his claim under 28 U.S.C. § 2241, he is in fact attacking the legality, rather than the execution of, his conviction and sentence. The legality of one's conviction and sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see In

3

re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). The requirements of § 2255(e), known as the "savings clause," are jurisdictional and thus cannot be waived by the parties. Wheeler, 886 F.3d at 426.

The Fourth Circuit recently examined the prerequisites to determine when § 2255 is an inadequate or ineffective remedy in the context of sentencing errors. See Id. at 428-429. The court held:

> § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id. Section 2255 is not rendered inadequate or ineffective merely because a petitioner is procedurally barred from filing a § 2255 motion. Vial, 115 F.3d at 1194 n.5.

The court begins with petitioner's Johnson challenge to his career offender enhancement. Petitioner cannot satisfy the second prong of the Wheeler test as to this claim because Johnson does not apply to career offender enhancements imposed pursuant to the post-Booker advisory Sentencing Guidelines. See Beckles, 137 S. Ct. at 895. As set forth above, petitioner was sentenced on November 8, 2006, after Booker rendered the Sentencing Guidelines advisory. See United States v. Booker, 543 U.S. 220, 245 (2005). Petitioner therefore cannot establish that the settled substantive law establishing the legality of his sentence "changed" because Beckles holds precisely the opposite – that Johnson does not apply to post-Booker applications of the career offender enhancement. Beckles, 137 S. Ct. at 894-95.

4

Petitioner also cannot satisfy the Wheeler test with respect to his Simmons claim or his claim that the sentencing court improperly counted his bank robbery convictions. The fourth prong of the Wheeler test requires that the sentence present an error sufficiently grave to be deemed a fundamental defect. Wheeler, 886 F.3d at 429. As noted, petitioner was sentenced as a career offender under the post-Booker advisory guidelines regime. The Fourth Circuit has held that erroneous career offender designations imposed under the post-Booker advisory guidelines do not amount to a fundamental defect resulting in a complete miscarriage of justice, and thus are not cognizable on federal habeas review. United States v. Foote, 784 F.3d 931, 942-43 (4th Cir. 2015). Because the error petitioner alleges does not rise to the level of a "fundamental defect," petitioner cannot satisfy the fourth prong of the Wheeler test. See Wheeler, 886 F.3d at 432 n.9 (recognizing that under Foote, career offender designations imposed under advisory guidelines do not result in a "fundamental defect" warranting habeas relief).

To summarize, petitioner has not shown that § 2255 is an inadequate or ineffective remedy under the Wheeler factors. Accordingly, the court lacks subject matter jurisdiction to consider the merits of the petition and the petition is therefore DISMISSED without prejudice.[1]

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues deserve encouragement to proceed further. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Accordingly, the court denies a certificate of appealability.

---

[1] Where petitioner previously has filed multiple § 2255 motions, the court cannot convert the petition into a § 2255 motion because petitioner has not obtained pre-filing authorization from the Fourth Circuit. See 28 U.S.C. § 2255(h); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

**CONCLUSION**

Based on the foregoing, the petition is DISMISSED without prejudice. A certificate of appealability is DENIED. Respondents' motion to dismiss (DE 8) is DENIED as moot. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 28th day of August, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge